. Arvum Levicoff, Pittsburgh, Pa., for plaintiff.

W. Thomas McGough, Jr., Pittsburgh, Pa., for defendants.

Arlene SEAL, Plaintiff,

v.

UNIVERSITY OF PITTSBURGH, G. Alec Stewart, Jack L. Daniel, Donald M. Henderson, Jerome Rosenberg, Lewis M. Popper, Jack E. Freeman, Many Ann Bishop–Coffey, and Wesley W. Posvar, Defendants.

Civ. A. No. 87–2640.

United States District Court, W.D. Pennsylvania.

Nov. 13, 1990.

## MEMORANDUM OPINION

LEE, District Judge.

Before the Court is defendants' Motion for a Protective Order wherein defendants seek to preclude plaintiff from inquiring into the contents of meetings, communications, or discussions in which Lewis M. Popper, Esq., participated or was involved in his role as General Counsel to the University of Pittsburgh. For the reasons which follow, defendants' Motion will be denied as stated.

## BACKGROUND

The facts, in pertinent part, necessary for the disposition of this Motion are gleaned from the parties' briefs, defendants' exhibits and the affidavit of Lewis M. Popper. A summary of the same can be simply stated as follows.

Until May of 1987, plaintiff was employed as Assistant Dean of the Honors College at the University of Pittsburgh. On May 13, 1987, Alec Stewart, Dean of the Honors College and plaintiff's immediate supervisor, informed her that her employment would be terminated effective

June 30, 1987. Shortly, if not immediately thereafter, plaintiff consulted with legal counsel in order to formulate the basis for her action against defendants.

Plaintiff contends the reasons offered by defendants in support of their decision to terminate her employment at the University was simply pretext. Plaintiff argues her dismissal was retaliatory as a result of her decision to report certain information to police regarding the alleged sale and distribution of controlled substances at the so-called "Spanish House".

Defendants' Motion for a Protective Order seeks to preclude plaintiff from inquiring into all discussions which took place among the defendants which included Lewis Popper on the ground that such discussions are protected by the attorney-client privilege and/or the work product doctrine. Plaintiff asserts, essentially, two arguments to support her opposition to defendants' Motion:

(1) Counsel's presence at a meeting is merely incidental and not for the purpose of providing legal advice or gathering information, therefore, the privilege does not apply;

(2) In the alternative, should the Court determine that these communications are privileged, plaintiff opines that the privilege should be stripped away under the crime-fraud exception of the rule.

The most frequently cited formulation of the attorney-client privilege is as follows:

"The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made is (a) a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client."

*United States v. United Shoe Machinery Corporation*, 89 F.Supp. 357, 358–59 (D.Mass.1950).

Moreover, the protection of work product arising from the case of *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), has been supplanted by Rule 26(b)(3) of the Federal Rules of Civil Procedure which provides in relevant part:

Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the Court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

While it is apparent that some discovery has taken place in this matter, it is critical to note that the Court has no basis by which it can make an informed ruling on defendants' Motion. In view of the limited record before us, the Court cannot ferret out those communications which may well be privileged from those which fall outside either the attorney-client privilege or work product doctrine. Accordingly, defendants' Motions for a Protective Order shall be denied subject to the following condition. Plaintiff's inquiry regarding communications involving Lewis Popper shall go forward subject to defendants' right to raise objections on proper grounds, including those based upon privilege and work product. At the conclusion of Mr. Popper's deposition, a record of the proceeding shall be transcribed and a copy shall be filed

with the Court. Costs shall be shared by both parties. At that time, defendants shall be permitted to renew their Motion for a Protective Order. The Court will then determine which communications,· if any, shall be excluded to the extent that defendants' have established the precise bases for their objections. An appropriate Order shall follow.

## ORDER

AND NOW, to-wit, this 13th day of November, 1990, it is HEREBY ORDERED that defendants' Motion for a Protective Order is DENIED without prejudice subject to the following provisions:

1. Defendants shall have the right to raise objections on proper grounds to any questions asked by plaintiff of Lewis Popper. Those grounds shall include but are not limited to attorney-client privilege and work product.

2. A record of the proceeding shall be transcribed with costs to be shared by both parties. A copy of the same shall be filed with the Court.

3. The parties shall be permitted to renew or file additional Motions upon completion of plaintiff's deposition. A briefing schedule and argument will be scheduled by the Court upon receipt of either party's Motion.